UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF PARIS, GENE RAY, )<br>JAMES PARRISH, and )<br>GORDON RANDY STEIDL, )<br>)<br>Defendants. ) | Case No.  07-2224 |

# REPORT AND RECOMMENDATION

In December 2007, Plaintiff, Selective Insurance Company of South Carolina, filed a Complaint for Declaratory Judgment (#1) against Defendants City of Paris, Gene Ray, James Parrish, and Gordon Steidl.  Plaintiff has attempted to allege federal subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332.

In February 2008, Defendants Ray, Parrish, and City of Paris filed a Motion To Dismiss for Failure To Join Necessary Parties (#9).  Plaintiff subsequently filed an Opposition to Defendants' Motion To Dismiss (#12).  After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss for Failure To Join Necessary Parties **(#9)** be **DENIED**.

## I. Background

In May 2005, Gordon Steidl sued the City of Paris, Gene Ray, James Parrish, and others, alleging violation of his civil rights (hereinafter "Steidl lawsuit").  In the current case, Plaintiff seeks a declaration that it has no duty to defend Defendants Ray, Parrish, or the City of Paris in the Steidl lawsuit.  Plaintiff also seeks a declaration that it has no duty to indemnify Ray, Parrish, or the City of Paris with respect to the Steidl lawsuit.

## II.  Standard of Review

Rule 12(b)(7) provides for dismissal of an action where a litigant fails to join a party under Rule 19.  FED. R. CIV. P. 12(b)(7).  In ruling on a motion to dismiss for failure to join a necessary and indispensable party, a court must accept as true the allegations of the complaint.  *Davis Cos. v. Emerald Casino, Inc.,* 268 F.3d 477, 479 n. 2 (7th Cir. 2001).  The moving defendant has the burden of showing that a party must be joined for just adjudication.  *Ploog v. HomeSide Lending, Inc.,* 209 F. Supp. 2d 863, 873 (N.D. Ill. 2002) ("The proponent of a Rule 12(b)(7) motion to dismiss has the burden of producing evidence which shows the nature of the absent party's interest and that the protection of that interest will be impaired or impeded by the absence.").

Dismissal under Rule 12(b)(7) requires a two-step inquiry.  First, Rule 19(a) is applied to determine whether the absent party is conditionally necessary and therefore to be joined if feasible.  *City of Littleton v. Commercial Union Assurance Cos.,* 133 F.R.D. 159, 162 (D. Colo. 1990).  In making this determination, three factors are considered:  (1) whether complete relief can be accorded among the parties already in the case without joinder; (2) whether the absent entity's ability to protect its own interest will be impaired; and (3) whether any existing parties might be subject to risk of multiple or inconsistent obligations.  FED. R. CIV. P. 19(a)(1).  Second, when a court decides a party is necessary but cannot be joined, the court must then determine whether the party is indispensable to the action.  FED. R. CIV. P. 19(a, b).  Determinations as to necessity and indispensability under Rule 19 are not mechanical and "the court must consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar."  *Schlumberger Indus. Inc. v. Nat'l Sur. Corp.,* 36 F.3d 1274, 1286 (4th Cir. 1994) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102 (1968)).  When considering whether a necessary party is indispensable, a court considers (1) the extent to which a judgment rendered in the absence of a necessary party might be prejudicial to that person or to those already parties; (2) the extent to which the prejudice can be lessened or avoided by shaping the judgment; (3) whether judgment rendered in the necessary person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  FED. R. CIV. P. 19(b).

Under a motion pursuant to Rule 12(b)(7), the moving party carries the burden of showing that an absent party must be joined for just adjudication. *Ploog,* 209 F. Supp. 2d at 873. The analysis under Rule 19 is fact specific. *See Rhone-Poulenc Inc. v. Int'l Ins. Co.,* 71 F.3d 1299, 1301 (7th Cir. 1995) (stating that a Rule 19 determination depends on the circumstances of the case). Thus, the court may consider evidence outside of the pleadings. *Raytheon Co. v. Continental Cas. Co.*, 123 F. Supp. 2d 22, 32 (D. Mass. 2000). For this reason, the decision regarding joinder may "properly be deferred if adequate information is not available at the time." FED. R. CIV. P. 19 advisory committee's note ("the relationship of an absent person to the action, and the practical effects of an adjudication upon him and others, may not be sufficiently revealed at the pleading stage; in such a case it would be appropriate to defer decision until the action was further advanced"). Consequently, "[a] person may be added as a party at any stage of the action." FED. R. CIV. P. 19 advisory committee's note.

### III. Discussion

Defendants argue that the Court should dismiss the suit because Plaintiff failed to join necessary parties, specifically Allianz Global Risks US Insurance Company (hereinafter "Allianz") and Western World Insurance Company (hereinafter "Western").

Defendants' only argument supporting joinder is that Allianz and Western have an interest in this action because the outcome will determine the amount each must pay for the cost of the defense of at least the City of Paris in the Steidl lawsuit. In support, Defendants attached an affidavit from their counsel, Gregory Ray. Mr. Ray testified that Allianz and Western, as well as Plaintiff Selective, have made payments for fees and expenses charged by the Sotos law firm in connection with its defense of the City of Paris in the Steidl lawsuit. The Court notes that neither of these insurers have themselves claimed an interest in the lawsuit.

Plaintiff responds that its coverage obligation depends only on the interpretation of the Selective policies and their application to the facts. This determination does not involve the other insurers; therefore, they have no "interest" in the outcome of the case.

Other courts have reached differing conclusions as to when an absent insurer is a necessary and indispensable party.  For example, several courts have found that an absent primary insurer is not a necessary and indispensable party in relation to an already named primary insurer.  *See Brinco Mining, Ltd. v. Fed. Ins. Co.,* 552 F. Supp. 1233, 1238-39 (D.D.C. 1982) (although primary policy had "other insurance" clause the insured's other insurers were not necessary parties); *City of Littleton,* 133 F.R.D. at 162 (even though "other insurance" clauses may apply, each insurance contract with the primary insurer creates a separate obligation which can be construed separately in determining whether coverage applies); *Rhone-Poulenc, Inc. v. Int'l Ins. Co.,* No. 94-C-3303, 1996 WL 435180, *5-9 (N.D. Ill. July 31, 1996) (absent primary insurers found not to be necessary and indispensable parties in action against primary insurer for breach of contract and declaration of insurance coverage obligations).  On the other hand, other cases have concluded that a motion to dismiss is appropriate when all primary insurers are not named.  *See, e.g., Schlumberger,* 36 F.3d at 1286-87 (all insurers are necessary where insured could end up without full coverage even though it was legally entitled to full coverage).

Similarly, courts differ as to whether both primary and excess carriers are necessary parties. *See, e.g., City of Littleton,* 133 F.R.D. at 162-63 (in a suit against excess carriers, absent primary insurers were necessary and indispensable parties); *Shell Oil Co. v. Aetna Cas. & Sur. Co.,* 158 F.R.D. 395, 399-404 (N.D. Ill. 1994) (excess insurance carriers are necessary and indispensable parties).  *But see Koppers Co., Inc. v. Aetna Cas. & Sur. Co.,* 158 F.3d 170, 175-76 (3d Cir. 1998) (excess insurer is not a necessary party in suit against other excess insurers).

Case law indicates that analysis of joinder arguments depends on the relationship between the insurance companies and the time period that each policy covers, among other things.  Here, the Court does not know whether Allianz and Western are primary insurers or excess insurers or whether the policies cover the same time period.  In addition, the fact that Allianz and Western have been paying for a portion of the defense for Defendant City of Paris is not enough to establish that they are indispensable parties.  The Seventh Circuit has held that "[i]f persons subject to rights of indemnity or contribution were always indispensable parties,

there would not be a need for the impleader provisions of Rule 14." *Pasco Int'l (London) Ltd. v. Stenograph Corp.*, 637 F.2d 496, 503 (7th Cir. 1980); *Rhone Poulenc*, 1996 WL 435180 at *9 ("the right to contribution does not necessarily make an absent party indispensable").

A "Rule 12(b)(7) motion will not be granted because of a vague possibility that persons who are not parties may have an interest in the action." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359 (2d ed. 1990). The moving party carries the burden of showing that an absent party must be joined for just adjudication. *Ploog*, 209 F. Supp. 2d at 873. Here, Defendants have failed to meet that burden. Accordingly, the Court recommends denying the motion at this time. A denial of a Rule 12(b)(7) motion is without prejudice. 5A Wright & Miller, § 1359; *Raytheon*, 123 F. Supp. 2d at 33. As noted above, Defendants may renew the motion if discovery warrants a renewed request.

### IV.  Summary

For the reasons stated above, the Court recommends **DENYING** Defendants' Motion To Dismiss for Failure To Join Necessary Parties **(#9)**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 17th day of March, 2008.

                                        s/ DAVID G. BERNTHAL
                                        U.S. MAGISTRATE JUDGE