**E-FILED**
Monday, 23 November, 2009 12:05:31 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY ) <br> OF SOUTH CAROLINA, ) <br> ) <br>         Plaintiff, ) <br>    v. ) <br> ) <br> CITY OF PARIS, GENE RAY, ) <br> JAMES PARRISH, AND GORDON ) <br> RANDY STEIDL, HERBERT WHITLOCK ) <br> ) <br>         Defendants. ) | Case No. 07-CV-2224 |

_____

ALLIANZ GLOBAL RISKS US )
INSURANCE COMPANY, )
 )
        Plaintiff-Intervenor )
 )
   v. )
 )
CITY OF PARIS, GENE RAY, )
JAMES PARRIS, AND GORDON )
RANDY STEIDL, HERBERT WHITLOCK )
 )
        Defendants. )

**CONSOLIDATED WITH**

WESTERN WORLD INSURANCE GROUP,)
 )
        Plaintiff, )
 )
   v. )
 )
SELECTIVE INSURANCE COMPANY )
OF SOUTH CAROLINA and )
MONTICELLO INSURANCE )
COMPANY n/k/a ALLIANCE )
GLOBAL U.S., )
 )
        Defendants. )

**OPINION**

On October 6, 2009, Plaintiff Western World Insurance Group (Western) filed its Motion for Leave to File Its Second Amended Complaint and Sur-Reply In Support of Its Motion for Summary Judgment and In Opposition to Selective's and Allianz's Motion for Summary Judgment (#103). Defendants City of Paris, Gene Ray, and James Parrish filed their Objection (#107) on October 20, 2009. For the following reasons, Western's Motion (#103) is DENIED.

BACKGROUND

This case arises out of the arrest, prosecution, conviction and imprisonment of Gordon Randy Steidl and Herbert Whitlock for the 1986 Edgar County murders of Dyke and Karen Rhoads. Steidl and Whitlock were tried and convicted in 1987. Steidl's conviction was overturned a new trial ordered by this court in Steidl v. Walls, 267 F.Supp.2d 919 (C.D. Ill. 2003). The State of Illinois decided not to retry Steidl. Steidl was released from custody in 2004. Whitlock was released from custody in January 2008. A dispute has now arisen as to who will defend and indemnify the City against the lawsuit between the City of Paris and the various insurance companies who insured the City from 1986 to 2005: Western World Insurance Group, which insured the City from before the time of the murders up through January 1996; Allianz who insured the City from 1995 to 1999; and Selective, who insured the City from 1999 to 2005.

On December 18, 2008, Western filed its Amended Complaint for Declaratory Judgment. The complaint contained one count, in which Western asked the court to declare that Western is an excess carrier and has no current obligation to defend Defendants under its policies for the lawsuits filed by Steidl and Whitlock in federal court. During the course of this year, all three insurance

companies have filed motions for summary judgment, with Selective and Allianz moving for summary judgment on the grounds that the occurrences that would have triggered their duty to defend or indemnify Defendants from the Stiedl and Whitlock lawsuits occurred outside their respective policy periods and with Western moving for summary judgment based on their only being an excess carrier to Selective's and Allianz's primary obligation.

On October 6, 2009, Western filed its Motion for Leave to File Its Second Amended Complaint and Sur-Reply In Support of Its Motion for Summary Judgment and In Opposition to Selective's and Allianz's Motion for Summary Judgment (#103). The proposed Second Amended Complaint is nearly identical to the First Amended Complaint, except that it adds some different text from its insurance policies to the body of the complaint and removes the following paragraph from count one: "Western World does not seek to abrogate its obligations to the City of Paris, Parrish, or Ray upon exhaustion of the limits of liability under the Selective and Monticello polices, except as previously set forth in its reservation of rights letter."

However, the Second Amended Complaint adds a second count. The second count asks the court to declare, if Western is determined to be a primary carrier, that Western has no obligation to defend or indemnify Defendants for injuries or damages suffered by Whitlock or Steidl outside of Western's respective policy periods. It asks the court to declare that if the "triggering events" for insurance coverage occurred prior or subsequent to Western's policy, such policy would not be triggered and Western would owe no duty to defend or indemnify Defendants with respect to the non-triggered policies. Further, Western asks the court to declare that, if it is determined that Defendants' liability arises out of the oral or written publication of material done by the Defendants at their direction with knowledge of falsity, the "knowledge of falsity" exclusion in Western Policy

-3-

No. NLE02201 would act as a complete bar to coverage under such policy. The Sur-Reply filed by Western acts as a memorandum explaining Western's position as encapsulated in count two of the Second Amended Complaint. It argues that, if the court determines that Selective and Allianz owe no duty to defend or indemnify Defendants because the triggering event occurred outside of the policy period, that determination should operate as "law of the case" and Western would similarly have no duty to defend or indemnify Defendants for the policy periods outside of the triggering events. As an example, if the triggering events are said to occur in 1986 or 1987, Western policies for the years 1988 to 1996 or before 1986 would not be implicated.

ANALYSIS

Western argues that leave to file an amended complaint should be freely given under the Federal Rules of Civil Procedure and Supreme Court precedent. It further contends that there is good cause for allowing the amendment and no prejudice will result to any other party because the trigger of coverage issue has been fully briefed in the various summary judgment motions and responses. Defendants argue that the Western exclusions plead in the proposed second count differ substantially from their counterparts in the Selective and Allianz policies and that different facts apply to the Western policies. They also argue that the law of the case doctrine does not apply.

Federal Rule of Civil Procedure 15(a)(2) states:

> "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

However, where, as is the case here, a party seeks to amend a pleading after the expiration of the court's Scheduling Order deadline to amend pleadings, the moving party must show "good

cause" under Federal Rule of Civil Procedure 16(b). Trustmark Ins. Co. v. General & Cologne Life Re of America, 424 F.3d 542, 553 (7th Cir. 2005). The rule states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the party seeking amendment. Trustmark, 424 F.3d at 553. Further, the district court need not allow an amendment when there is undue delay, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile. Bethany Pharmacal Co., Inc. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001). The decision whether to allow leave to amend a complaint is left to the discretion of the district court. Trustmark, 424 F.3d at 553.

Here, the deadline for the amendment of pleadings contained in the Amended Discovery Order was November 3, 2008, more than eleven months before Western filed its motion for leave to file a second amended complaint. The triggering event issue that Western wants to add as count two was first raised by Selective in its summary judgment motion (#66) on March 18, 2009, nearly six months before Western filed this motion. Certainly, there has been undue delay.

However, delay alone may be an insufficient ground to warrant denial of leave to amend the complaint, rather the degree of prejudice to the opposing party is a significant factor in determining whether the lateness of the request ought to bar the following. Park v. City of Chicago, 297 F.3d 606, 613 (7th Cir. 2002). In their response, Defendants note that different facts and different policy language distinguish Western's "triggering event" argument from that of Selective and Allianz. Further, they argue that the law of the case doctrine does not necessarily apply. About the law of the case doctrine Judge Posner wrote:

> "The doctrine of law of the case establishes a presumption that a ruling made

at one stage of a lawsuit will be adhered to throughout the suit. But it is no more than a presumption, one whose strength varies with the circumstances; it is not a straitjacket. One of the circumstances is the hierarchical relation between the court that rendered the questioned ruling and the court asked to reconsider it. If the original ruling was by a higher court, the lower court will be required by the most elementary sense of stare decisis to adhere to the ruling unless the reasons for departure are truly compelling, such as a contrary ruling by a still higher court. But if the ruling in question was by the same court (and regardless of whether the same judge or panel or a previous judge or panel of that court made the ruling), the duty of adherence is less rigid. A judge may reexamine his earlier ruling (or the ruling of a judge previously assigned to the case, or of a previous panel if the doctrine is invoked at the appellate level) if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it." Avitia v. Metropolitan Club of Chicago, 49 F.3d 1219, 1227 (7th Cir. 1995).

Here, Western has asked the court to make a law of the case determination based upon a summary judgment motion that has yet to be ruled on. This is a most unusual request for a party to make as a count of a complaint. Western is in essence saying that "if you rule a certain way on the pending summary judgment motions, then you must rule in the exact same way for us as regards our duty to defend and indemnify Defendants." This the court declines to do. Defendants have pointed out that there are different facts and policy language at play between Western on one hand and Selective and Allianz on the other, and would require full briefing by the parties to address the

specific issues regarding Western's policy.

What Western is asking the court to do now is something that may be more appropriately addressed as a legal argument after the pending summary judgment motions have been ruled upon, when Western and Defendants could, if necessary depending on the court's ruling, fully brief the issue on its own merits, facts, and circumstances. It should not be made a part of an amended complaint at this late date in the proceedings when the issues for summary judgment have been appropriately defined. Western's Motion for Leave to File Its Second Amended Complaint and Sur-Reply In Support of Its Motion for Summary Judgment and In Opposition to Selective's and Allianz's Motion for Summary Judgment (#103) is DENIED.

IT IS THEREFORE ORDERED:

Western's Motion for Leave to File Its Second Amended Complaint and Sur-Reply In Support of Its Motion for Summary Judgment and In Opposition to Selective's and Allianz's Motion for Summary Judgment (#103) is DENIED.

ENTERED this 23rd day of November, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE