UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No.: 07-cv-02224 |
| CITY OF PARIS, GENE RAY, JAMES, PARRISH, GORDON RANDY STEIDL and HERBERT WHITLOCK, ) ) ) ) ) | |
| Defendants. ) ) | |
| ALLIANZ GLOBAL RISKS U.S. INSURANCE COMPANY, ) ) ) | |
| Plaintiff-Intervenor, ) ) | |
| v. ) ) | |
| CITY OF PARIS, et al., ) ) | |
| Defendants. ) | |

CONSOLIDATED WITH

| | |
|---|---|
| WESTERN WORLD INSURANCE GROUP, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 08-cv-02118 |
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA and MONTICELLO INSURANCE COMPANY n/k/a ALLIANCE GLOBAL U.S., ) ) ) ) ) | |
| Defendants. ) | |

## **OPINION**

This case is before the court on Defendants City of Paris, James Parrish, and Gene Ray's Motion for Reconsideration (#122), seeking a reconsideration of this court's judgment (#113) of January 27, 2010. After careful review of the briefs, the Motion for Reconsideration (#122) is DENIED.

### **Background**

On December 5, 2007, Plaintiff Selective Insurance filed its complaint (#1) in this case, seeking declaratory judgment that it owed no duty to defend or indemnify Defendants the City of Paris, Gene Ray, and James Parrish ("Defendants") under its insurance policies in response to certain lawsuits filed under 42 U.S.C. § 1983 by Defendants Gordon Randy Steidl and Herbert Whitlock. On June 6, 2008, Plaintiff Allianz sought to intervene (#31), and that motion was granted on June 19, 2008 (Text Order of June 19, 2008). On July 11, 2008, Plaintiff Selective filed a motion to consolidate cases (#40) with another one pending against Western World. On August 14, 2008, this court granted that motion, consolidating the cases (Text Order of August 14, 2008). On January 27, 2010, this court entered an opinion (#112) granting summary judgment in full in favor of Plaintiffs Selective and Allianz, among other things. In that opinion (#112), this court held that Plaintiff Selective and Allianz had no duty to defend or indemnify Defendants in the Steidl and Whitlock litigation, and terminated the case.

Nearly three years later, on October 24, 2012, Defendants filed the present Motion for Reconsideration (#122). On November 7, 2012, Plaintiff Selective filed its Response (#128).

**Analysis**

Defendants attempt to revive a long-decided case that has been terminated for nearly three years, presenting to this court a recently-decided Seventh Circuit case seemingly decided in their favor. But the general rule is that "[n]ew legal principles, even when applied retroactively, do not apply to cases already closed." *Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 758 (1995). Generally, new rules may be applied retroactively only in *pending* cases, *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106, (1971); *Reynoldsville*, 514 U.S. at 758-59. Defendants argue that the case is not closed, and that Federal Rule of Civil Procedure 54(b) specifically permits this court to rehear and reconsider its prior judgment. Defendants argue that *American Safety Casualty Insurance v. City of Waukegan*, 678 F. 3d 475, 478 (7th Cir. 2012) changed the controlling law regarding the scope of malicious prosecution, and that this court is required to follow that law.

Rule 54(b) states as follows:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Regarding Rule 54(b) motions,

> Motions to reconsider are governed by Rule 54(b) when such motions are filed after an interlocutory order and before the entry of a "final judgment." Motions to reconsider made after a final judgment or after a trial are governed by Rules 59(e) and 60(b).

[ * * * ]

> Rule 54(b) motions to reconsider do not have express service or filing requirements. Such motions may be brought within a reasonable period after an interlocutory order during the pendency of the litigation

*Pivot Point Int'l, Inc. v. Charlene Products, Inc.*, 816 F. Supp. 1286, 1288 (N.D. Ill. 1993) (internal citations omitted). "For a ruling to be final, it must end the litigation on the merits, and the judge must clearly declare his intention in this respect." *FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 273-74 (1991) (citations and editing marks omitted).

Here, Plaintiff Selective and Plaintiff-Intervenor Allianz sought a declaratory judgment that they owed no duty to defend the Defendants in the underlying suit. In the consolidated case, Plaintiff Western World, as an excess carrier, sought a declaratory judgment that it had no obligation to share in the funding of the defense in the underlying suit. On January 27, 2010, this court held that Plaintiffs Selective and Allianz had no duty to defend or indemnify the Steidl and Whitlock litigation, but denied summary judgment for Plaintiff Western World. This court then terminated the case. Defendants argue that the action is not ended because the court has not disposed of Plaintiff Selective's "prayers for relief requesting that [they] receive reimbursement for all defense costs and expenses incurred." (#123, p2). Although the opinion did not specifically deny Selective's request in its Order, when the case was terminated, the request was denied implicitly. As Selective did not contest this issue in the two years after the opinion, it is clear that they understood as much. Thus, the action was indeed closed at that time. Accordingly, this court has no jurisdiction pursuant to Rule 54(b) to reconsider its prior judgment, because final judgment has already been entered, disposing of all claims.

Alternately, even if the court's opinion and order is construed as an interlocutory order, which it is not, this court cannot proceed because Defendants seek review on an issue that does not qualify for Rule 54(b)'s definition of a separate "claim for relief". "Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where 'separate' means having minimal factual overlap." *Lottie v. W. Am. Ins. Co., of Ohio Cas. Group of Ins. Companies*, 408 F.3d 935, 939 (7th Cir. 2005). "At a minimum, claims cannot be separate unless separate recovery is possible on each." *Local P-171, Amalgamated Meat Cutters & Butcher Workmen of N. Am. v. Thompson Farms Co.*, 642 F.2d 1065, 1070-71 (7th Cir. 1981). "Rule 54(b) authorizes the district court to enter a final judgment on a single claim only if that claim is separate from the claim or claims remaining for decision in the district court—separate not in the sense of arising under a different statute or legal doctrine, such as the trademark statute versus the copyright statute, but in the sense of involving different facts." *Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002). "If there is a great deal of factual or legal overlap between counts, then they are considered the same claim for Rule 54(b) purposes." *Horwitz v. Alloy Auto. Co.*, 957 F.2d 1431, 1434 (7th Cir. 1992).

The claim for reimbursement, which is an ancillary issue, is based on the exact same set of facts as the primary contested matter. It makes no sense to assert that recovery could be possible on a "claim" of reimbursement for defense costs separate from and in addition to that in the underlying case. Thus, Defendant's proffered "claim for relief" does not constitute a "separate claim" that qualifies to be bifurcated under Rule 54(b).

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion for Reconsideration (#122) is DENIED.

ENTERED this 4th day of March, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE